UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAMONE T. BLUE,<br><br>            Plaintiff,<br><br>    v.<br><br>ROBERT FUENTES,<br><br>            Defendant. | Case No. C10-127-RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Lamone T. Blue brings a civil-rights action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, alleging that defendant, Corrections Officer Robert Fuentes, violated his constitutional right to practice his religion by not permitting Mr. Blue to attend a Ramadan activity in Monroe Correctional Complex. (Dkt. 1-2.) Officer Fuentes moves to dismiss because Mr. Blue failed to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (Dkt. 15.) Mr. Blue appears to have intended to move for partial summary judgment.[1] (Dkt. 14.) The Court recommends **GRANTING** defendant's motion to dismiss

---

[1] Mr. Blue filed a declaration in support of a motion for partial summary judgment but did not file a motion for partial summary judgment. This declaration was not docketed as a motion for partial summary judgment and thus there was no obligation that defendant respond.

REPORT AND RECOMMENDATION - 1

(Dkt. 15) and **DISMISSING** this matter with matter without prejudice for failure to exhaust administrative remedies; and **DENYING** plaintiff's motion for partial summary judgment (Dkt. 14).

## I. BACKGROUND

Mr. Blue contends that on October 29, 2009, Officer Fuentes denied him the right to follow his religious practice by not allowing him to attend a Ramadan activity in the prison. (Dkt. 1-2, at 3.) He also contends that "Officer Fuentes continues to deny plaintiff his constitutional right to practice his religion" without specifying the details of any other incidents. (*Id.* (capitalization altered).)

Officer Fuentes answered the complaint (Dkt. 11), raised the affirmative defense of Mr. Blue's failure to exhaust administrative remedies, and now moves to dismiss (Dkt. 15). Mr. Blue did not respond to Officer Fuentes's motion to dismiss. Although Mr. Blue never moved for partial summary judgment, he filed a declaration in support of a motion for partial summary judgment. (Dkt. 14.) In the declaration, he provides no support for his claims. Mr. Blue also filed a statement that provides no further details and includes documents unrelated to the present lawsuit. (Dkt. 13.)

## II. DISCUSSION

**A.   Standard of Review**

Although Officer Fuentes moves for Federal Rule of Civil Procedure 12(c) judgment on the pleadings, this motion is properly brought as an unenumerated 12(b) motion to dismiss for failure to exhaust non-judicial remedies as required by the PLRA. *See Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust, a court

---

Furthermore, Mr. Blue's declaration contains only conclusory allegations already adequately expressed in the complaint.

REPORT AND RECOMMENDATION - 2

may look beyond the pleadings and decide disputed issues of fact, a procedure closely analogous to summary judgment. *Id.* at 1119–20 & n.14. Thus, when a party moves for dismissal for failure to exhaust administrative remedies, a court will employ what amounts to the summary judgment standard in reviewing the supporting documents and resolving the disputed issues of fact. *See, e.g.*, *Morton v. Hall*, 599 F.3d 942, 943–46 (9th Cir. 2010) (affirming district court's dismissal without prejudice for prisoner's failure to exhaust administrative remedies pursuant to PLRA where defendants moved for dismissal in summary judgment motion); *Garrott v. LeFrancis*, 2010 WL 605310, at *2 (W.D. Wash. Feb. 18, 2010) (dismissing claim for failure to exhaust administrative remedies pursuant to PLRA where defendants moved for dismissal in summary judgment motion). Summary judgment should be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The proper remedy for a prisoner's failure to exhaust is dismissal of his claim without prejudice. *Wyatt*, 315 F.3d at 1120.

When, as Mr. Blue has done here, a party files nothing in response to a properly filed motion, judgment is generally entered against that party. *See* Fed. R. Civ. P. 56(e)(2) ("If the opposing party does not . . . respond, summary judgment should, if appropriate, be entered against the party"); Local Rule W.D. Wash. CR 7(b)(2) ("If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.").

B.   **Failure to Exhaust Administrative Remedies**

Officer Fuentes moves to dismiss this matter because Mr. Blue failed to properly exhaust the administrative remedies available to him at the prison, i.e., Mr. Blue filed two grievances

REPORT AND RECOMMENDATION - 3

regarding the October 29, 2009, Ramadan activity long after the twenty-day period for filing such grievances had passed, and then he never appealed the dismissal of his grievances. Officer Fuentes is correct.

The PLRA created a requirement that prisoners exhaust administrative remedies within the prison grievance system before filing a civil-rights lawsuit regarding prison conditions:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). According to the United States Supreme Court, such "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). The exhaustion requirement applies even where the relief sought—monetary damages—cannot be granted by the administrative process. *Id.* at 85; *Booth v. Churner*, 532 U.S. 731, 733 (2001). Administrative exhaustion is required for any suit challenging prison conditions, not just for suits under § 1983. 42 U.S.C. § 1997e(h); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The requisite exhaustion is "proper exhaustion," which "demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Ngo*, 548 U.S. at 90–91. If administrative remedies have not been exhausted at the time an action is brought, it must be dismissed without prejudice. *See Wyatt*, 315 F.3d at 1120; *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam). Failure to satisfy the PLRA exhaustion requirement is an affirmative defense as to which the defendant has the burden of proof. *Wyatt*, 315 F.3d at 1119.

Officer Fuentes has carried his burden of proof of showing that Mr. Blue failed to properly exhaust available administrative remedies. Under the Washington Offender Grievance Program,

REPORT AND RECOMMENDATION - 4

Mr. Blue's complaint regarding access to the Ramadan activity was grievable and should have been filed within twenty working days of the October 29, 2009 incident. (Dkt. 15-2 (hereinafter "Frederick Decl.") ¶¶ 3, 7.) Mr. Blue did not file his grievances about the incident until January 6, 2010 and January 11, 2010. (Frederick Decl., Att. 1, 2.) After his grievances were denied as untimely, Mr. Blue did not file an appeal. (Frederick Decl. ¶ 11.)

The Court finds that Mr. Blue did not properly exhaust his available administrative remedies as required by the PLRA. This action should therefore be dismissed without prejudice for failure to exhaust. If Mr. Blue has any evidence that he has, in fact, properly exhausted his administrative remedies, he should provide such proof with his objections, if any, to this Report and Recommendation. Mr. Blue has provided no support whatsoever for what he may have intended to be a motion for partial summary judgment (Dkt. 14); it should therefore be denied.

### III.    CONCLUSION

The Court recommends **GRANTING** defendant's motion to dismiss (Dkt. 15) and **DISMISSING** this matter with matter without prejudice for failure to exhaust administrative remedies; and **DENYING** plaintiff's motion for partial summary judgment (Dkt. 14). A proposed order accompanies this Report and Recommendation

DATED this 12th day of July, 2010.

BRIAN A. TSUCHIDA
United States Magistrate Judge